IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **TAMMY STEPHENS**, | ) | |
| | ) | **JURY DEMANDED** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **PROSPECT AIRPORT** | ) | |
| **SERVICES, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Now comes the Plaintiff, TAMMY STEPHENS, by and through her attorneys of DVORAK LAW OFFICES, LLC, and complains against Defendant PROSPECT AIRPORT SERVICES, INC., stating the following:

**JURISDICTION:**

1. Plaintiff brings this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, seeking redress for Defendant's failure to provide her with reasonable accommodations, terminating her employment on the basis of her disability.

2. The incidents from which this action arises occurred within Cook and/or DuPage Counties, in the State of Illinois, within the Northern District of Illinois.

3. This matter was filed with the United States Equal Employment Opportunity Commission, an EEOC notice of rights was mailed to the Plaintiff's counsel on February 12, 2019, within 90 days of the filing of this Complaint.

**PARTIES:**

4. At all times relevant to this Complaint, the Plaintiff TAMMY STEPHENS worked for the Defendant, PROSPECT AIRPORT SERVICES, INC. cleaning airplanes at Chicago O'Hare International Airport.

5. At all times relevant to this Complaint, the Defendant PROSPECT AIRPORT SERVICES, INC. operated at Chicago O'Hare International Airport, in Chicago, Illinois, which spans the Counties of Cook and DuPage, within the Northern District of Illinois. Upon information and belief, the Defendant has hundreds of employees.

**FACTS AND CLAIMS:**

6. The Plaintiff began working for the Defendant on or about July of 2015, cleaning the cabins of commercial airplanes between flights.

7. The Plaintiff has diabetes and must regularly check her blood sugar.

8. While employed with the Defendant, the Plaintiff was often required to go for seven hours without a break, because her single half-hour break was generally given to her at the end of her shift.

9. After an incident in July of 2016 in which the Plaintiff lost consciousness because of low blood sugar and had to be hospitalized, the Plaintiff returned to work where, per the instructions of her doctor, she was to take two fifteen-minute breaks to allow for food, blood-sugar testing and the taking of insulin.

10. The Defendant would not allow the Plaintiff to take these two required breaks.

11. The Plaintiff's managers told her that the two breaks would only be available to her if she accepted a night shift. The Plaintiff was unable to work the night shift because she had to take care of her children during the evenings.

12. The requested breaks would not have disrupted the Defendant's business, or hampered the Plaintiff's ability to satisfactorily perform her work cleaning airplanes.

13. On April 29, 2017, the Defendant notified the Plaintiff that the two requested breaks were unduly burdensome and that the Plaintiff was therefore terminated.

14. The Defendant unlawfully failed to provide the Plaintiff with reasonable accommodations, and unlawfully terminated the Plaintiff on the basis of her disability.

15. Defendant's actions were intentional, willful, and in reckless disregard of the Plaintiff's rights under the ADA and Rehabilitation Act.

16. As a result of the Defendant's unlawful conduct, the Plaintiff suffered damages including lost wages and emotional injuries.

Wherefore, for the reasons stated above, the Plaintiff seeks compensatory damages, including but not limited to back pay with interest, punitive damages, and attorneys' fees and costs.

**TRIAL BY JURY DEMANDED**

Date: May 10, 2019

*s/ Richard Dvorak*
Richard Dvorak
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
(630) 568-3190
richard.dvorak@civilrightsdefenders.com
*Attorney for the Plaintiff*